## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **R.G. O/B/O MINOR CHILD, E.G.,** | 05-CV-3017 (WJM) |
| **Plaintiff,** | |
| **v.** | **OPINION** |
| **GLEN RIDGE BOARD OF EDUCATION,** | **HON. WILLIAM J. MARTINI** |
| **Defendant.** | |

Harriet K. Gordon, Esq.
40 Meadowbrook Road
Randolph, NJ 07869

     *(Attorney for Plaintiff)*

Athina Lekas Cornell, Esq.
Lindabury, McCormick & Estabrook
53 Cardinal Drive
P.O. Box 2369
Westfield, NJ 07901-2369

     *(Attorneys for Defendant)*


**MARTINI, U.S.D.J.:**

This matter comes before the Court on Defendant Glen Ridge Board of Education's ("Glen Ridge") motion to dismiss Plaintiff's complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Oral argument occurred on November 14, 2005. As discussed below, Glen Ridge's motion to dismiss is **GRANTED** in part and **DENIED** in part.

### BACKGROUND

Plaintiff R.G., on behalf of her daughter E.G., brought this action against Glen Ridge under the Individuals With Disabilities Education Act ("IDEA"). *See* 20 U.S.C. §§ 1400-1490

(2005).  E.G. is an eighth grade student suffering from certain disabilities.  From 1995 to 2002, E.G. received her education from Glen Ridge.  Plaintiff claims that, during these years, Glen Ridge denied E.G. a free and appropriate education ("FAPE") as required under the IDEA.  *See* 20 U.S.C. § 1412(a)(1).  In 2002, as E.G. was entering the sixth grade, Plaintiff moved her daughter from the Glen Ridge school system to a private school (the "Craig School").[1]

Plaintiff then petitioned the New Jersey Department of Education for due process on February 9, 2004, arguing that the Individualized Education Plan ("IEP") and placement provided by Glen Ridge were inappropriate.  In her petition, Plaintiff sought reimbursement for E.G.'s tuition at the Craig School for the 2002-2003 school year.[2]  The matter was assigned to Administrative Law Judge ("ALJ") Jesse H. Strauss.  On January 17, 2005, Glen Ridge moved before ALJ Strauss for summary decision on the following grounds: (1) that Plaintiff did not provide Glen Ridge with advance written notice of its placement of E.G. at the Craig School; and (2) that Plaintiff acted unreasonably by enrolling E.G. in the Craig School.[3]

ALJ Strauss granted Glen Ridge's motion for summary decision and dismissed Plaintiff's petition.  In particular, he held that: (1) Plaintiff did not provide Glen Ridge with notice that it was rejecting the proposed IEP, as required by N.J.A.C. 6A:14-2.10(c)1; (2) Plaintiff failed to

---

[1]Plaintiff and her daughter moved to the West Essex Regional High School district in July 2003.  As such, they no longer reside in the Glen Ridge School District.

[2]Plaintiff raised the following claims in her due process petition: (1) a determination that the 2002-2003 IEP provided by Glen Ridge, and its placement of E.G., were inappropriate; (2) a determination that the appropriate program for E.G. is at the Craig School; and (3) payment of tuition and expenses for E.G.'s attendance at the Craig School.

[3]Summary decision is the administrative counterpart in New Jersey to summary judgment under the Federal Rules of Civil Procedure.  *See* N.J.S.A. § 1:1-12.5.

provide Glen Ridge with written notice of her intent to enroll E.G. in the Craig School 10 days prior to removal of E.G. from the district, as required by N.J.A.C. 6:A:14-2.10(c)2; and (3) Plaintiff acted unreasonably under N.J.A.C. 6A:14-2.10(c)4 by entering into a contract with the Craig School prior to involving Glen Ridge in the consideration of this placement. Notably, the ALJ did not rule on whether Glen Ridge violated the substantive provisions of the IDEA by failing to provide a FAPE. His decision only considered those issues raised by Glen Ridge's motion for summary decision.

Plaintiff subsequently filed a civil action before this Court under 20 U.S.C. § 1415(i)(2). Glen Ridge then moved to dismiss Plaintiff's complaint for lack of subject matter jurisdiction because it contains issues not ruled upon by the ALJ and issues not raised before the ALJ. In addition, Glen Ridge argues that Plaintiff's complaint is barred under the statute of limitations for filing IDEA civil actions in federal district courts. This motion is now before the Court.

## DISCUSSION

### I.   Standard of Review

The standard of review on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction varies depending on whether the defendant makes a facial or factual challenge. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). The standard for reviewing a facial attack is similar to the standard governing a Rule 12(b)(6) motion. "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Id.* at 176. In contrast, in reviewing a factual challenge, the allegations of the complaint are not accepted as true, and "the court may consider evidence outside the pleadings."

*Id.* This case concerns a facial challenge.

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. *Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court may dismiss the complaint for failure to state a claim. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Zynn v. O'Donnell*, 688 F.2d 940, 941 (3d Cir. 1982).

## II.   This Court Has Subject Matter Jurisdiction To Hear Those Issues Not Decided By The ALJ.

Glen Ridge argues that this Court does not have subject matter jurisdiction over issues raised before, but not decided by, the ALJ. As such, Glen Ridge would have us review only those rulings made by the ALJ – namely, whether Plaintiff provided adequate notice to Glen Ridge and whether Plaintiff's actions were reasonable. Glen Ridge argues, in effect, that our role in this matter is purely appellate in nature. This is incorrect.

This Court's subject matter jurisdiction is controlled by 20 U.S.C. §§ 1415(i)(2)(A) and 1415(i)(2)(C). *See Kominos v. Upper Saddle River Bd. of Educ.*, 13 F.3d 775, 778 (3d Cir.

1994); *Rancocas Valley Reg'l High Sch. Bd. of Educ. v. M.R.*, 380 F. Supp. 2d 490, 493 (D.N.J. 2005).  Section 1415(i)(2)(A) provides:

> (2) Right to bring civil action.
> (A) In general.  Any party aggrieved by the findings and decision made
> ... under this subsection shall have the right to bring a civil action with
> respect to the complaint presented pursuant to this section, which action
> may be brought in ... a district court of the United States....

20 U.S.C. § 1415(i)(2)(A).  In addition, § 1415(i)(2)(C) requires a district court in such an action "to receive the records of the administrative proceedings, hear additional evidence at the request of a party and, basing its decision on the preponderance of the evidence, grant such relief as the court determines is appropriate." *See* 20 U.S.C. § 1415(i)(2)(C)(i)-(iii).

These two provisions – §§ 1415(i)(2)(A) and 1415(i)(2)(C) – contemplate something more than an appeal of an ALJ's ruling.  In fact, these sections provide a district court with subject matter jurisdiction which is "practically indistinguishable from the usual civil action in which issues are tried de novo." *See Torkacik v. Forrest Hills Sch. Dist.*, 665 F.2d 443, 450 (3d Cir. 1981); *see also Kirkpatrick v. Lenoir County Bd. of Educ.*, 216 F.3d 380, 387 (4th Cir. 2000) (holding that "a federal district court does not sit as an appellate court" in IDEA cases); *James v. Nashua Sch. Dist.*, 720 F. Supp. 1053, 1058 (D.N.H. 1989) ("[S]uit under section [§ 1415(i)(2)] is similar to a normal civil action in which all of the issues of the case are tried de novo").  As such, we are not confined to hearing only those issues ruled upon by the ALJ.[4] *See Rancocas*

---

[4]We also note that the legislative history of the IDEA supports this finding.  The original bill proposed by the House of Representatives, H.R. 7217, stated:

> The findings of fact of a State [administrative hearing] shall be
> conclusive in any court of the United States if supported by
> substantial evidence, except that the court involved, for good cause
> shown, may remand the case to the State [administrative agency] to

*Valley Reg'l High School*, 380 F. Supp. 2d at 493 (noting that "the language creating subject matter jurisdiction is both explicit and broad."). Accordingly, Glen Ridge's motion to dismiss on this ground is **denied**.[5]

**III.    This Court Does Not Have Subject Matter Jurisdiction To Hear Those Issues Not Raised Before the ALJ.**

Next, Glen Ridge argues that this Court lacks subject matter jurisdiction over Plaintiff's complaint to the extent that it seeks review of issues not raised before the ALJ. This is correct.

---

take further evidence. Any new or modified finding of fact made by the State [administrative agency] shall be conclusive if supported by substantial evidence.

H.R. Rep. No. 332, 94th Cong., 1st Sess. at 56. The final bill from the Senate, S. 6, that was enacted, however, differed significantly. Section 1415, as enacted, was "substituted [for the House bill] ... to *clarify and strengthen the procedural safeguards*." S. Conf. Rep. No. 455, 94th Cong., 1st Sess., 27, at 48. The bill, as enacted, stated:

[A]ny party aggrieved by the findings and decision rendered in the due process hearing or the State [administrative] review ... [is entitled] to bring *a civil action* ... [in which] the court shall receive the records of the due process hearing ... , shall hear additional evidence at the request of any party, shall make an *independent decision* based on the preponderance of the evidence and shall grant all appropriate relief.

*Id.* at 50 (emphasis added). That Congress deliberately removed the portions relating to the conclusiveness of the state review agency's findings and the portion allowing for remand of any outstanding issues demonstrate Congress's intention to treat the jurisdiction conferred by § 1415 as not being appellate in nature.

[5]The Court also notes that Plaintiff exhausted their administrative remedies regarding those issues raised in their due process petition, but not ruled upon by the ALJ. The ALJ's decision to rule upon Glen Ridge's motion to dismiss did not cause Plaintiff to waive those initial pleadings for a failure to exhaust. *Cf. Neshaminy Sch. Dist. v. Karla B.*, 96-3865, 1997 U.S. Dist. LEXIS 13571, at *15-16 (E.D. Pa. 1997) (holding that parent who raised issues in due process petition, but later agreed with school district to limit her petition to a limited subset of issues, waived those issues raised in her initial complaint).

Pursuant to the IDEA, failure to raise an issue at the administrative level will result in a waiver of the issue in a civil action before a federal district court. *See Remis v. New Jersey Dep't of Human Servs.*, 815 F. Supp. 141, 144 n.3 (D.N.J. 1993); *Woods v. New Jersey Dep't of Educ.*, 795 F. Supp. 767, 775 (D.N.J. 1992); *Field v. Haddonfield Bd. of Educ.*, 769 F. Supp. 1313, 1325 (D.N.J. 1991). However, "IDEA plaintiffs may raise claims not presented in the state due process hearing if it would have been impossible or futile for them to have done so," or "state procedures ... prevented the aggrieved party from raising that subject in the due process hearing." *S.C. v. Deptford Twp. Bd. of Educ.*, 213 F. Supp. 2d 452, 456-57 (D.N.J. 2002).

Glen Ridge contends that Plaintiff raises three new issues in her complaint that were not raised before the ALJ. These issues are: (1) a determination that the previous IEP for the 2001-2002 school year was inappropriate; (2) a determination that Glen Ridge violated the IDEA by failing to have present at the IEP meetings a representative of the board with the authority to commit resources; and (3) a determination that Glen Ridge violated the IDEA by not including the recommendations of an independent doctor in a 2002-2003 IEP.

Regarding the first issue, we read Plaintiff's complaint differently than Glen Ridge. From our reading of the complaint, it does not appear that Plaintiff is seeking a determination that the previous IEP for the 2001-2002 school year was inappropriate. Instead, we read Plaintiff's complaint as alleging that Glen Ridge failed to provide a FAPE and appropriate placement for the 2001-2002 school year. As to this issue, Plaintiff's clearly raised it in her due process petition before the ALJ. Accordingly, it is not waived.

Plaintiff, however, failed to raise the second issue before the ALJ. Without any reason as to why it would have been impossible or futile for her to raise this claim before the ALJ,

including the presence of any state procedure prohibiting her from raising such claim, this matter is considered waived.

Regarding the third issue, this matter was clearly raised before the ALJ.  Accordingly, it is not waived.  Glen Ridge's motion to dismiss, therefore, is **denied** as to the first issue, **granted** as to the second issue, and **denied** as to the third issue.[6]

## IV.    Plaintiff's Complaint Is Not Untimely Under The Applicable Statute Of Limitations

Finally, Glen Ridge argues that Plaintiff's complaint is untimely.  The IDEA, as amended on December 3, 2004 and made effective on July 1, 2005, establishes a 90-day statute of limitations for bringing civil actions under § 1415(i)(2).  *See* 20 U.S.C. § 1415(i)(2)(B). However, because amendments to the IDEA are not retroactive, this Court must apply the IDEA as it existed when Plaintiff filed her complaint on June 13, 2005.  *See Lawrence Twp. Bd. of Educ. v. New Jersey*, 417 F.3d 368, 370 (3d Cir. 2005); *J.M. v. Kingsway Reg'l Sch. Dist.*, 04-4046, 2005 U.S. Dist. LEXIS 18110, at *13 n.5 (D.N.J. Aug. 18, 2005).  At the time, the statute of limitations for bringing a civil action under § 1415(i)(2) in a district court was two years.  *See Ridgewood Bd. of Educ. v. N.E.*, 172 F.3d 238, 251 (3d Cir. 1999); *Bernardsville Bd. of Educ. v. J.H.*, 817 F. Supp. 14, 18 (D.N.J. 1993) .

Under this statute of limitations, Plaintiff's complaint is timely.  The ALJ issued his

---

[6]Glen Ridge also argues that paragraphs 19, 20, 21, 22, 23, 25, 27, 28, 29 and 30 of Plaintiff's complaint were not pled previously and are therefore waived.  Apparently, each of these paragraphs contain some allegations not raised before the ALJ.  It is clear that the substance of each paragraph, though, was raised before the ALJ.  As such, this Court will hear these allegations pursuant to our mandate to receive "additional evidence at the request of a party." *See* 20 U.S.C. § 1415(i)(2)(C)(ii) (2005).  Furthermore, such matter is clearly "with respect to the complaint" filed in her due process petition.  *See* 20 U.S.C. § 1415(i)(2)(A).  Accordingly, Glen Ridge's motion to dismiss these paragraphs is denied.

decision on March 17, 2005 and Plaintiff filed her complaint on June 13, 2005.  Accordingly, Glen Ridge's motion to dismiss on this ground is **denied**.

<u>**CONCLUSION**</u>

For the foregoing reasons, Glen Ridge's motion to dismiss those issues not ruled upon by the ALJ is **DENIED.**  Furthermore, Glen Ridge's motion to dismiss those issues not raised before the ALJ is **DENIED** as to the first and third issues discussed *supra*, but **GRANTED** as to the second issue discussed *supra*.  Finally, Glen Ridge's motion to dismiss Plaintiff's complaint as untimely is **DENIED.**  An appropriate Order accompanies this opinion.

**Dated:** December 2, 2005              s/ William J. Martini
                                              **William J. Martini, U.S.D.J.**

cc: The Honorable Ronald J. Hedges, U.S.M.J.

9